# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

IN RE ROBERT LESLIE ROBERSON III,

MOVANT.

## OPPOSED MOTION FOR STAY OF EXECUTION

*Execution date set for October 16, 2025*

TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT:

Movant, Robert Leslie Roberson, III, respectfully requests that this Court grant him a stay of execution. 28 U.S.C. § 2251(a)(1) provides that "[a] justice or judge of the United States before whom a habeas corpus proceeding is pending, may . . . stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding."[1]

---

[1] Roberson has included the documents required under this Court's Rule 8.1 as a separate attachment to this Motion. Fifth Circuit Rule 8.1.2 also requires Roberson

1

On today's date, Roberson filed a motion requesting authorization to proceed in district court on a second or successive petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244. Roberson is facing his third execution date, condemned to die for the 2002 death of his daughter. The overwhelming evidence of his innocence, and the medical evidence he has since accumulated demonstrating her death was not a homicide at all, is the basis for his motion for authorization: that the use of since-invalidated Shaken Baby Syndrome (SBS) causation theory to convict him in 2003 violates the Fourteenth Amendment Due Process Clause. Roberson incorporates by this express reference all facts and arguments presented in that motion.

Careful inquiry into this complex, weighty matter is warranted, and this Court should grant a stay of execution pending its decision on Roberson's motion. *See Barefoot v. Estelle,* 463 U.S. 880, 893–94 (1983) ("[A] circuit court, where necessary to prevent the case from becoming moot by the petitioner's execution, should grant a stay of execution

---

to explain why this issue was not presented to the district court. Roberson did not raise the instant issue in the district court because he is required to obtain authorization to proceed on a second or successive petition from this Court. *See* 28 U.S.C. § 2244(b)(3)(A).

pending disposition of an appeal when a condemned prisoner obtains a certificate of probable cause on his initial habeas appeal.").

Should this Court authorize Roberson's claim to proceed in district court, he requests that this Court stay his execution pending the disposition of his petition by the district court. *See, e.g., In re Johnson*, 935 F.3d 284, 296 (5th Cir. 2019) (granting authorization to proceed in district court on successive federal habeas petition and staying execution). To the extent this Court applies the four *Nken* factors, *see In re Campbell*, 750 F.3d 523, 534 (5th Cir. 2014), Roberson can satisfy each:

(1) he has made a strong showing that he is likely to succeed on the merits;

(2) he will be irreparably injured absent a stay;

(3) issuance of the stay will not substantially injure the other parties interested in the proceeding; and

(4) the public interest lies in avoiding the execution of an innocent man.

*Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal citations and quotations omitted).

First, for the reasons supporting his motion for authorization, Roberson has made a strong showing that he is likely to succeed on the merits of his claim. There, Roberson makes a prima facie showing that, among other factors, his claim is potentially meritorious and that the facts establish by clear and convincing evidence that he is innocent. *See* 28 U.S.C. §§ 2244(b)(3)(C), 2244(b)(2)(B).

Roberson is likely to succeed in district court on the merits of his claim that his conviction is premised on a denial of his right to due process. The use of a later-debunked medical theory to obtain a conviction "violates fundamental conceptions of justice," *Dowling v. United States*, 493 U.S. 342, 352 (1990) (quoting *United States v. Lovasco*, 431 U.S. 783, 790 (1977)) and therefore violates the right to due process, as these "forensics that were once considered unassailable are subject to serious doubt." *Gimenez v. Ochoa*, 821 F.3d 1136, 1144 (9th Cir. 2016). *See also In re Danny Hill*, No. 20-3863, 2025 WL 903150, at **8, 14-15 (6th Cir. Mar. 25, 2025) (authorizing second or successive due-process claim based on changed science of forensic odontology); *Lee v. Glunt,* 667 F.3d 397, 407 (3d Cir. 2012) (remanding to federal district court where, if disproven, trial testimony based on unreliable science undermined

4

fundamental fairness of petitioner's entire trial, making a prima facie case for habeas relief on due process claim); *Lee v. Tennis*, No. 4:08–CV–1972, 2014 WL 3894306, at *16 (M.D. Pa. June 13, 2014) (recommending relief on remand where the petitioner "has met his burden of showing a due process violation in this case, since the verdict in this matter rests almost entirely upon scientific pillars which have now eroded").

Here, not only was the prosecution's causation theory not subject to "vigorous cross-examination," *United States v. Berry*, 624 F.3d 1031, 1040 (9th Cir. 2010), appointed defense counsel entirely conceded the validated of the theory because of the medical consensus at the time. In that era, the triad of intracranial symptoms observed in Nikki (subdural bleeding, brain swelling, and retinal hemorrhage) was viewed as dispositive that violent shaking had occurred and no other possible explanation for Nikki's collapse was even considered. But the consensus today is that a differential diagnosis is now *required* because it is now established that many natural and accidental phenomena can cause the same triad. Despite Nikki's lifelong health struggles, her serious medical condition (a missed pneumonia) the week of her collapse, and a record of contraindicated prescription medications, the truncated investigation

5

and autopsy did not involve even considering any other cause for Nikki's death. A comprehensive differential diagnosis has now provided definitive, medical proof that no homicide took place, based on the conclusions of multiple forensic pathologists; neuropathologist; biomechanical engineer; pediatric radiologist; hematologist; medical toxicologist; and lung pathologist. Without the fundamentally unfair criminal proceedings, precipitated and defined by a since-discredited SBS diagnosis made even before the autopsy was performed; Autism Spectrum symptoms misinterpreted as a guilty affect; and baseless slander of sexual abuse, the jury would not have convicted Roberson. He stands condemned because he was unable to explain the cause of his daughter's tragic death—which was so mystifying that it took numerous specialists and a significant advancement in science to illuminate.

Second, Roberson will be irreparably injured if this Court does not enter a stay because he will be executed without an opportunity to litigate his potentially meritorious claims. *See Battaglia v. Stephens*, 824 F.3d 470, 475 (5th Cir. 2016) ("'[I]n a capital case, the possibility of irreparable injury weighs heavily in the movant's favor,' especially when his claim has some merit—a possibility we cannot yet dismiss.") (quoting

*O'Bryan v. Estelle*, 691 F.2d 706, 708 (5th Cir. 1982)). As set out in his motion and briefly here, Roberson's claim is supported by several multidisciplinary, specialized experts, who have built upon each other's findings and the sea change in understanding of SBS over the last several years to offer definitive diagnoses that explain Nikki's death—evidence that has gone unrebutted by State experts. Thus, Roberson's execution would not only irreparably injury an innocent, but would also do irreparable injury to the integrity of the criminal justice system writ large.

Third, a stay would not substantially injure the State. Roberson is scheduled to be executed based on a conviction obtained using a since-invalidated scientific hypothesis. Roberson has diligently pursued justice through available state-court processes for many years. Although he received an evidentiary hearing, the habeas court's eventual findings and conclusions failed to even mention most of his evidence. The State would not be injured by the stay of execution necessary for federal courts to prevent Texas from executing someone who was wrongfully convicted and to consider this substantial new evidence demonstrating that no crime occurred.

Finally, the public interest lies in Roberson's favor. The public does not have an interest in carrying out the execution of a wrongfully convicted person whose conviction rests on a disproven hypothesis and that was obtained through a litany of due process violations. Roberson is actually innocent; his execution for the tragic natural death of his beloved daughter would not serve either the retributive or deterrent rationales that are the only acceptable basis for capital punishment. *See, e.g.*, *Enmund v. Florida*, 458 U.S. 782, 798.

For these reasons, Roberson respectfully requests that this Court enter an order staying his execution.

Dated: October 1, 2025.

Respectfully Submitted,

*/s/ Callie Heller*  
Callie Heller

*/s/ Emma Rolls*  
Emma Rolls

Assistant Federal Public Defenders
Office of the Federal Public Defender
Western District of Oklahoma
215 Dean A. McGee Ave., Suite 707
Oklahoma City, OK 73102
Telephone: (405) 609-5975
Facsimile: (405) 609-5976
Callie_Heller@fd.org
Emma_Rolls@fd.org

*/s/ Gretchen Sween*  
Gretchen Sween
Attorney & Counsel at Law
P.O. Box 5083
Austin, TX 78763-5083
(214) 557-5779
gsweenlaw@gmail.com

## CERTIFICATE OF COMPLIANCE

I certify that (1) this Motion was prepared in 14-point Century Schoolbook font using Microsoft Word software, (2) this Motion is 1,378 words, excluding the parts of the Motion exempted by the rules of court, and (3) this Motion has been scanned for viruses and the Motion is virus-free. Counsel further certifies that any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13.

/s/ *Callie Heller*
Callie Heller

## CERTIFICATE OF CONFERENCE

I certify that on September 30, 2025, I conferred by email with Ellen Stewart-Klein, counsel of record for the Respondent. She informed me that the Respondent is opposed to the relief requested.

/s/ *Callie Heller*
Callie Heller

## CERTIFICATE OF SERVICE

I certify that on October 1, 2025, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fifth Circuit using the CM/ECF system. I have also sent a copy via email to counsel for the Director, Ellen Stewart-Klein, ellen.stewartklein@oag.texas.gov.

/s/ *Callie Heller*
Callie Heller