No. 25-40622

IN THE
**United States Court of Appeals for the Fifth Circuit**

*In re* ROBERT LESLIE ROBERSON, III
*Movant*

On Motion for Authorization to File
a Successive Petition for a Writ of Habeas Corpus
in the United States District Court

**RESPONDENT'S OPPOSTION TO
MOTION FOR STAY OF EXECUTION**

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General for
Criminal Justice

TOMEE M. HEINING
Chief, Criminal Appeals Division

ELLEN STEWART-KLEIN
Assistant Attorney General
*Counsel of Record*

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936–1400
Ellen.Stewart-Klein@oag.texas.gov

*Counsel for Respondent*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

*Respondent*
  Eric Guerrero, Director
  TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

*Counsel for Respondent*
  Ellen Stewart-Klein
  Assistant Attorney General
  OFFICE OF THE ATTORNEY GENERAL OF TEXAS

*Movant*
  Robert Leslie Roberson III

*Counsel for Movant*
  Callie Heller & Emma V. Rolls
  Assistant Federal Public Defenders
  Western District of Oklahoma
  215 Dean A. McGee Ave., Suite 707
  Oklahoma City, OK 73102

  Gretchen S. Sween
  712 Upson Street
  Austin, TX 78703

s/ Ellen Stewart-Klein
ELLEN STEWART-KLEIN
Assistant Attorney General

# INTRODUCTION

Movant Robert Roberson **is scheduled for execution after 6:00 p.m. on October 16, 2025.** Roberson is a Texas inmate convicted and sentenced to death in 2003 for the capital murder of his two-year-old daughter Nikki Curtis. Roberson has fully exhausted his state and federal appeals and has also filed six subsequent state habeas applications; two of which remain pending. Roberson continues to litigate incrementally, drawing from a pool of defense experts that work on Shaken Baby Syndrome (SBS) and Abusive Head Trauma (AHT) cases throughout the country. Roberson has now filed a motion for authorization to file a successive petition and the instant motion to stay his impending execution. But as explained in the Director's opposition to authorization and below, Roberson fails to meet the statutory requirements to file a successive petition and both his motions should be denied.

# ARGUMENT

This Court should deny Roberson's request for a stay of execution. A stay of execution "is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal

judgments without undue interference from the federal courts." *Hill v. McDonough,* 547 U.S. 573, 584 (2006) (citing *Nelson v. Campbell*, 541 U.S. 637, 649–50 (2004)). The relevant equitable considerations weigh against Roberson, and he should not be permitted to further delay the carrying out of his just sentence.

In a capital case, a court may properly consider the nature of the penalty in deciding whether to grant a stay, but "the severity of the penalty does not in itself suffice." *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983), *superseded on other grounds by* 28 U.S.C. § 2253(c)(2). The State's "powerful and legitimate interest in punishing the guilty," as well as its interest in finality, must also be considered, especially in a case where the State and the victims have for years borne the significant costs "of federal habeas review." *Herrera v. Collins*, 506 U.S. 390, 421 (1993) (O'Connor, J., concurring); *see also Calderon v. Thompson*, 523 U.S. 538, 556 (1998) (both the State and victims have an important interest in a sentence's timely enforcement). A federal court must consider "the State's strong interest in proceeding with its judgment" and "attempt[s] at manipulation." *Nelson,* 541 U.S. at 649–50 (quotation omitted).

In deciding whether to grant a stay, the Court must consider four factors: (1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Ramirez v. Collier*, 595 U.S. 411, 421 (2022). But here the equities weigh against granting Roberson a stay of execution.

Roberson asks this Court to stay his execution date because "[c]areful inquiry into this complex, weighty matter is warranted." Mot.2. But "[i]t is well-established" that petitioners on death row must show a "reasonable probability" that the underlying issue is "sufficiently meritorious" to warrant a stay and that failure to grant the stay would result in "irreparable harm." *Barefoot*, 463 U.S. at 895. Although Roberson contends that he makes a strong showing of the likelihood of success on the merits of his due process claim, as demonstrated in the Director's response to Roberson's motion for authorization, he does not.

5

Roberson fails to meet the statutory requirements to permit a successive petition. 28 U.S.C. § 2244(b)(2).

First, Roberson fails to meet the diligence requirement to satisfy § 2244(b)(2)(B)(i). Roberson was convicted and sentenced in 2003. But as argued in the Director's response, Roberson should have known he was innocent since the time of trial. Further, the science that he purports to be "new" has existed since before trial. *Cavazos v. Smith*, 565 U.S. 1, 13–15 (2011) (Ginsburg, Breyer, & Sotomayor dissenting). The *Smith* dissent notes numerous studies dating back to 2003 discussing issues with SBS, noting in a parenthetical that one study opined that "[b]y the end of 1998, it had become apparent that 'there was inadequate scientific evidence to come to a firm conclusion on most aspects of causation, diagnosis, treatment, or any other matters pertaining to SBS.'" *Id.* at 13.

And while he has actively appealed his conviction in the state courts, he has failed to diligently pursue his due process claim. Indeed, Roberson sought and received a stay of his first execution date in state court to pursue review of his alleged "new" evidence. *Ex parte Roberson*, No. WR-63,081-03, 2023 WL 151908, at *1 (Tex. Crim. App. Jan. 11, 2023) (application filed on June 6, 2016). He received a stay of a second

execution date by creating a state constitutional crisis. *In re Tex. House of Representatives*, 702 S.W.3d 330, 334–36, 346 (Tex. 2024). But he has not previously asked this Court for authorization to file a successive federal habeas writ until now.

Second, as also established in the Director's response, Roberson has not proven his actual innocence. What Roberson has shown is his ability to add additional experts to this battle. But these experts are not credible and remain outliers in the scientific community. Roberson has not overcome the evidence in the record that Nikki died of blunt force trauma. When that evidence is considered in light of the trial and appellate record as a whole it "falls far short" of showing that Roberson is actually innocent of capital murder. *Herrera*, 506 U.S. at 417; § 2244(b)(2)(B)(ii) (an applicant must show that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense").

Third, Roberson fails to demonstrate existing constitutional error. As argued in the Director's response, Roberson's proposed due process

claim would require this Court to impermissibly recognize a new constitutional rule. The Supreme Court has not created a constitutional rule that the admission of scientific evidence—called into question many years after the fact due to scientific advancements—deems a trial fundamentally unfair or gives rise to a due process claim.[1] *Cf. Garcia v. Tex.*, 564 U.S. 940, 941 (2011) (refusing to stay execution and noting that "[o]ur task is to rule on what the law is, not what it might eventually be."). And even if such a rule existed, Roberson took advantage of a Texas analogue—Texas Code of Criminal Procedure Article 11.073—and still failed to gain relief. *Ex parte Roberson*, 2023 WL 151908, at *1

Fourth, as also argued in the Director's response, Roberson claim is barred by the statute of limitations. This Court has "the authority to deny a motion to authorize based on timeliness." *In re Campbell*, 750 F.3d at 533 n.9; *see also In re Jones*, 998 F.3d 187, 189 (5th Cir. 2021); *In re Lewis*, 484 F.3d 793, 795 (5th Cir. 2007). Section 2244(d)(1) applies a one-year limitations period to any federal habeas petition. For the same reasons

---

[1] The Supreme Court recently denied certiorari review in an Alabama case raising substantially the same the same argument as Roberson. *See generally McCrory v. Alabama*, 144 S. Ct. 2483, 2483-89 (2024) (statement of Justice Sotomayor respecting the denial of certiorari).

as discussed above and in more depth the Director's response, the factual predicate for Roberson's claim was either known to him or was discoverable long ago with the exercise of due diligence.

Considering the whole, Roberson does not demonstrate he is likely to succeed on the merits. And although Roberson argues he will be irreparably injured[2], he will not admit any injury to the State. Mot.7. But again, "[b]oth the State and the victims of crime have an important interest in the timely enforcement of a sentence." *Hill*, 547 U.S. at 584. Roberson has twice before received stays of his execution dates to prove what he has never proven, *i.e.*, that he is innocent. This is because the weight of the evidence as determined by the jury and the state and federal courts is against him. Further delay of his execution would "work[] a 'miscarriage of justice'" on the State and the victims. *Price v. Dunn*, 587 U.S. 999, 1008–09 (2019) (Thomas, J., concurring). The prior

---

[2] Roberson fails to show that he would suffer irreparable harm if denied a stay of execution. As this Circuit has explained, "the merits of [the movant's] case are essential to [the court's] determination of whether he will suffer irreparable harm if a stay does not issue." *Walker v. Epps*, 287 F. App'x 371, 375 (5th Cir. 2008). As discussed in the Director's response, Roberson's claim is plainly without merit. Consequently, he cannot show that he would be irreparably harmed if denied additional process to which he has no entitlement. Crutsinger v. Davis, 930 F.3d 705, 707 (5th Cir. 2019) ("inability to establish a likelihood of success on the merits is, effectively, dispositive of [a] motion for stay").

delays in his execution have proven to be more than temporary, and Roberson should not be further permitted to litigate evidence he has been aware of since trial.

"Last-minute stays should be the extreme exception, not the norm[.]" *Bucklew v. Precythe*, 587 U.S. 119, 150 (2019); *see also Barr v. Lee*, 591 U.S. 979, 981 (2020). Roberson cannot demonstrate that the balance of equities falls in his favor. Roberson killed Nikki through blunt force trauma the first and only night he was charged with guarding her. His conviction was rendered over twenty years ago, and his execution has been stayed twice since then. "The people of [Texas], the surviving victims of Mr. [Roberson]'s crimes, and others like them deserve better." *Bucklew* 587 U.S. 149. Justice should no longer be denied for Nikki Curtis. For all the reasons argued above and in the Director's response to Roberson's motion for authorization, this Court should deny a stay.

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that the Court deny Roberson's motion for a stay of execution.

        Respectfully submitted,

        KEN PAXTON
        Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
for Criminal Justice

TOMEE M. HEINING
Chief, Criminal Appeals Division

s/ Ellen Stewart-Klein
ELLEN STEWART-KLEIN
Assistant Attorney General
Texas Bar No. 24028011
    *Counsel of Record*

P.O. Box 12548, Capitol Station
Austin, Texas 78711
Telephone: (512) 936-1600
Fax: (512) 320-8132
Email: ellen.stewart-klein@oag.texas.gov

*Attorneys for Respondent*

# CERTIFICATE OF SERVICE

I do hereby certify that on October 5, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the electronic case-filing (ECF) system of the Court. The ECF system sent a "Notice of Electronic Filing" (NEF) to the following attorneys of record, who consented in writing to accept the NEF as service of this document by electronic means:

Callie Heller & Emma V. Rolls
Assistant Federal Public Defenders
Western District of Oklahoma
215 Dean A. McGee Ave., Suite 707
Oklahoma City, OK 73102
Callie_Heller@fd.org
Emma_Rolls@fd.org

Gretchen S. Sween
712 Upson Street
Austin, TX 78703
gsweenlaw@gmail.com

                                              s/ Ellen Stewart-Klein
                                              ELLEN STEWART-KLEIN
                                              Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1698 words; and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft 365 Word (the same program used to calculate the word count).

s/ Ellen Stewart-Klein
ELLEN STEWART-KLEIN
Assistant Attorney General

## ELECTRONIC CASE FILING CERTIFICATIONS

I do hereby certify that: (1) all required privacy redactions have been made; (2) this electronic submission is an exact copy of the paper document; and (3) this document has been scanned using the most recent version of a commercial virus scanning program and is free of viruses.

s/ Ellen Stewart-Klein
ELLEN STEWART-KLEIN
Assistant Attorney General
